STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Carlton Andre JACKSON, Defendant-Appellant.

Supreme Court

*No. 90–0117–CR. Submitted on briefs March 27, 1991.—Decided May 1, 1991.*

(Also reported in 468 N.W.2d 431.)

For the plaintiff-respondent-petitioner the cause was submitted on the briefs of *James M. Freimuth,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway.*

For the defendant-appellant the cause was submitted on the brief of *Donna L. Hintze,* assistant state public defender.

STEINMETZ, J.   When the court accepted this petition for review by the state of Wisconsin subsequent to an unpublished court of appeals decision, the court believed two issues existed pursuant to sec. 809.62, Stats., which sets forth the criteria for accepting petitions. On review, it is obvious that the only question presented pertains to the sufficiency of the evidence. We now determine the petition for review was improvidently granted.

In accepting the petition for review, the court believed it would be presented with evidence that the particular field test for cocaine used by the police, a version of the cobalt thiocyanate test, offered improved reliability and accuracy over other field tests such that the positive result from the test might in itself be sufficient to support a conviction for possession of the drug. No such evidence was presented; in fact, the state now concedes that the cobalt thiocyanate test is nonspecific and at most raises a presumption of the presence of cocaine.

In addition, the nonspecific character of cobalt thiocyanate test results notwithstanding, the court believed it would be presented with circumstantial evidence which, combined with the positive field test result, might

528

have been sufficient to meet the state's burden of proof. *See State v. Wind,* 60 Wis. 2d 267, 208 N.W.2d 357 (1973). The circumstantial evidence the court received, however, did not in any way support a determination as to the nature of the substance in question.

The evidence presented by the state may have been sufficient for a finding of probable cause. However, it does little to prove beyond a reasonable doubt an element of a crime which would be necessary for a valid conviction, *i.e.,* that the substance recovered was cocaine.

*By the Court.*—The petition for review is dismissed.